# EXHIBIT A



*Court of Common Pleas*
*Fairfield County*
BRANDEN C. MEYER, Clerk of Courts
224 East Main Street
Lancaster, Ohio 43130

9414 7266 9904 2153 7572 94

U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 43130 $ 008.05⁰
02 1W
0001402449 MAR 08 2021

2021 CV 00071
9414 7266 9904 2153 7572 94

TSMM MANAGEMENT LLC
C/O STATUTORY AGENT: COGENCY GL
3958-D BROWN PARK DRIVE
HILLIARD, OH 43026

POSTMASTER
PLEASE FORWARD

RETURN RECEIPT REQUESTED
SHOWING ADDRESS
WHERE DELIVERED

Court of Common Pleas, Fairfield County, Lancaster, Ohio
# SUMMONS
Rule 4 1970 Ohio Rules of Civil Procedure
**Case No. 2021 CV 00071**
**JUDGE DAVID A TRIMMER**

**AMANDA BARBER**

**1121 TARKIN ROAD
LANCASTER OH 43130**

**Plaintiff**
**vs.**

**TSMM MANAGEMENT LLC**

**C/O STATUTORY AGENT: COGENCY GLOBAL INC.
3958-D BROWN PARK DRIVE
HILLIARD OH 43026**

**Defendant**

To the above named defendant TSMM MANAGEMENT LLC;

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff named herein.

You are required to serve upon the plaintiff attorney, or upon the plaintiff if he has no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three days after service on Plaintiff's attorney is as follows:

**SEAN COSTELLO
THE SPITZ LAW FIRM LLC
25200 CHAGRIN BLVD SUITE 200
BEACHWOOD, OH 44122**

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Branden C. Meyer, Clerk

By _____
Deputy

Received this writ on the_____day of _____ ,20____, at _____
o=clock___ M., and on the____day of_____20____, I served the same on the
within named by

_____

_____

## RETURN OF SERVICE OF SUMMONS (PERSONAL)

Fees

Service $_____

Mileage _____

Total   $_____

Date:_____

I received this summons _____ 20 __, at ___o=clock
___.M.  And made personal service of it upon_____
By locating him-them and tendering a copy of summons and
accompanying documents, on_____20__.

_____

Sheriff, Bailiff, Process Server
By_____

Deputy

## RETURN OF SERVICE OF SUMMONS (RESIDENCE)

Fees

Service $_____

Mileage _____

Total   $_____

Date:_____

I received this summons on_____20__,_at___o=clock
___.M. and made residence service of it upon the defendant(s)

_____

By leaving, at his-their usual place of residence with

_____

A person of suitable age and discretion then residing therein,
a copy of the summons, a copy of the complaint and
and accompanying documents, on_____.

_____

Sheriff, Bailiff, Process Server
By_____

Deputy

## RETURN OF SERVICE OF SUMMONS (FAILURE TO SERVICE)

I received this summons on_____20__,
at___o=clock___.m. with instructions to make personal-residence
upon the defendant (s)_____

_____

And I was unable to serve a copy of the summons
upon_____for the following reason:_____

_____

Sheriff, Bailiff, Process Server
By_____

Deputy

IN THE COURT OF COMMON PLEAS
FAIRFIELD COUNTY, OHIO

AMANDA BARBER                )    CASE NO.
1121 Tarkin Road             )              21CV        71
Lot 122                      )
Lancaster, Ohio 43130        )    JUDGE:
                             )              JUDGE TRIMMER
                             )
            Plaintiff,       )
                             )
                             )
        v.                   )    **COMPLAINT FOR DAMAGES**
                             )    **AND INJUNCTIVE RELIEF**
                             )
TSMM MANAGEMENT, LLC         )    **JURY DEMAND ENDORSED**
c/o Statutory Agent:         )    **HEREIN**
Cogency Global Inc.          )
3958-D Brown Park Drive      )
Hilliard, Ohio 43026         )
                             )
            Defendant.       )
                             )
                             )
                             )
                             )
                             )

Plaintiff, Amanda Barber, by and through undersigned counsel, as her Complaint against

the Defendant, states and avers the following:

## PARTIES, VENUE AND JURISDICTION

1.  Barber is a resident of the city of Lancaster, Count of Fairfied, state of Ohio.

2.  Defendant TSMM Management, LLC ("TSMM") is a South Dakota limited liability company,

    authorized to conduct business in Ohio, with its principal place of business located at 815 N

    2nd Street, Aberdeen, South Dakota 57401-2350.

3.  TSMM does business in Ohio as, among other things, Primrose Retirement Community of

    Lancaster, a registered trade or fictious name, located at 1481 Wesley Way, Lancaster, Ohio

    43130 ("Primrose").



4. For purposes of this Complaint, Primrose shall constitute a reference to TSMM.

5. Primrose was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

6. Primrose conducts business in Ohio and caused tortious injury to Barber.

7. Therefore, personal jurisdiction is proper over Primrose pursuant to Ohio Revised Code §2307.382(A)(1) and (4).

8. Venue is proper pursuant to Civ. R. 3(C)(2)&(3).

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

10. Prior to the filing of this Complaint, Barber filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") ("Barber EEOC Charge of Discrimination").

11. In the Barber EEOC Charge of Discrimination, Barber alleged claims under the Federal Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA")

12. Barber intends to request a Dismissal and Notice of Suit Rights in the Barber EEOC Charge of Discrimination when permitted to do so under the applicable rules.

13. Upon receipt of the Dismissal and Notice of Suit Rights, Barber will have properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b), and intends to amend her complaint at that time to add claims under the ADA.

## FACTS

14. Barber is a former employee of Primrose.

15. Barber began working for Primrose on January 10, 2020.

16. Primrose provides assisting living for senior citizens.



17. Barber worked at Primrose as a cook, preparing meals for the residents of Primrose.

18. Barber's job requires that she stand during the majority of her shift.

19. During her employment, Barber had an exemplary employment record.

20. Barber had no history of discipline during her employment until September 2020, just prior to her termination.

21. Barber received positive feedback on her work until September 2020.

22. It was only after Barber reported wrongdoing that Primrose began inventing reasons to create a pretext for her termination.

23. On July 30, 2020, Barber found a tumor on her right ankle.

24. Upon discovering the tumor, Barber informed the dining director, Niki Dunn.

25. On August 18, 2020, the swelling in Barber's right ankle had become so severe that she found it difficult to work.

26. Barber therefore used her available paid time off to obtain medical treatment.

27. Barber sought treatment from and was treated at The Foot and Ankle Specialists of Central Ohio.

28. Barber was diagnosed as having a benign tumor in her right ankle ("Ankle Injury").

29. Barber was treated for the Ankle Injury.

30. On September 1, 2020, Barber provided a physician's note to Primrose's executive director, allowing Barber to return to work, but with restrictions due to the Ankle Injury.

31. Barber's doctor instructed her to wear a walking boot on her right foot, to limit her shifts to six hours, and to not lift more than 25 pounds, for a period of time.

32. Barber returned to work on September 2, 2020.



33. Barber requested certain days off in order to go to doctor's appointments relating to her Ankle Injury.

34. Such requests for time off were nothing unusual for Primrose employees, as long as adequate notice was provided.

35. Barber provided adequate notice.

36. The executive director approved the scheduled absences.

37. Upon returning to work in early September 2020, Barber discovered that Primrose was ignoring serious hazards to the health of Primrose residents.

38. On September 6, 2020, Barber discovered that Primrose was using toxic delimer in cooking steamers ("Delimer Health Hazard").

39. Delimer is an acid-based limescale removal liquid designed for removing tough scale and mineral build-up on materials.

40. Delimer is toxic and can cause harm to the respiratory system.

41. Delimer can burn the mouth, tongue, throat, and stomach.

42. Delimer was in the water of the steam well during cooking, which could allow it to get into the food being prepared for the residents of Primrose.

43. On September 6, 2020, the same day she discovered the Delimer Health Hazard, Barber reported her finding to Dunn, the executive director of Primrose, and Director of Nursing Roni Colder.

44. On September 8, 2020, Barber discovered another health hazard.

45. Barber found black mold growing in the kitchen ("Black Mold Health Hazard").

46. Black mold is known for causing a host of health issues.

47. Those health issues are even more serious for older people, such as those residing at Primrose.



48. Those health issues are even more serious for people suffering from other underlying conditions, which includes many of the senior citizens residing at Primrose.

49. Barber took pictures of the Black Mold Health Hazard.

50. Barber reported her findings to the executive director.

51. Barber provided photographs of the Black Mold Health Hazard to the executive director.

52. On information and belief, nothing was done to correct the Delimer Health Hazard and Black Mold Health Hazard at the time they were reported.

53. Two days after reporting the Black Mold Health Hazard, on September 10, Barber was taking one of her scheduled and approved absences.

54. On that date, Niki Dunn, the dining director, texted Barber.

55. In that text, Dunn told Barber that her employment was terminated.

56. Dunn informed Barber that the reason for termination was that Barber was a no-call/no-show.

57. Barber responded to Dunn that the executive director had approved the scheduled absence.

58. Dunn nonetheless did not change her mind or reconsider the termination.

59. Barber's termination was a pretext for retaliating against her for reporting and blowing the whistle on the Delimer Health Hazard and Black Mold Health Hazard.

60. Barber's termination was a pretext for discriminating against her on the basis of her disability.

61. Barber was a member of a statutorily protected class.

62. On information and belief, employees of Primrose who had violated the no call/no show policy who did not suffer from a disability or perceived disability were not terminated.

63. Barber was treated differently than similarly-situated employees who were not disabled or perceived as disabled.

64. Primrose has a progressive disciplinary policy.



65. On information and belief, Primrose's disciplinary policy calls for escalating levels of discipline for performance infractions, beginning with a verbal warning, followed by a written warning, and ultimately leading to termination.

66. Primrose did not give Barber a verbal warning for her alleged violation of the no-call/no-show policy

67. Primrose did not give Barber a written warning for her alleged violation of the no-call/no-show policy.

68. Primrose has used progressive disciplinary steps when non-disabled employees have been accused of violating the no-call/no-show policy.

69. Primrose has used progressive disciplinary steps when employees who have not complained about health hazards in the workplace have been accused of violating the no-call/no-show policy.

70. Skipping steps in the progressive disciplinary system is an adverse action.

71. Skipping steps in the progressive disciplinary system is an adverse employment action.

72. Skipping steps in the progressive disciplinary system shows that Primrose's purported reason for Barber's termination is pretext.

73. Barber's termination was an adverse action.

74. Barber's termination was an adverse employment action.

75. During her employment with Primrose, Barber was required to use an application on her phone to log the hours she worked.

76. Primrose regularly worked forty or more hours per week.

77. Primrose automatically deducted a half hour each day from Barber's logged hours for lunch.

78. Barber did not always take a lunch break.



79. Primrose knew that Barber did not always take a lunch break.

80. Primrose nonetheless deducted a half-hour per day from Barber's hours to account for lunch.

81. Primrose's deduction of hours that Barber worked deprived Barber of overtime wages to which she was entitled.

## COUNT I: VIOLATION OF OHIO WHISTLEBLOWER STATUTE, R.C. § 4113.52

82. Barber restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

83. On or about September 6 and 8, 2020, Barber reported the Delimer Health Hazard and Black Mold Health Hazard to Primrose and her supervisors.

84. Barber reasonably believed that these health hazards constituted a criminal act that threatened the public's health or safety.

85. Barber verbally complained to Primrose about this conduct.

86. Barber complained in writing, providing photographs of the health hazards, to Primrose about this conduct.

87. Barber gave Primrose an opportunity to cure the reported misconduct.

88. Barber retaliated against Barber by terminating here employment based on her complaints regarding this misconduct.

89. Barber's termination was in violation of R.C. § 4113.52.

90. As a direct and proximate result of Primrose's conduct, Barber suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages. On or about August 28, 2020, Primrose terminated Barber's employment.

The Employee's Attorney.™



## COUNT II: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

91. Barber restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

92. On or about September 6 and 8, 2020, Barber reported the Delimer Health Hazard and Black Mold Health Hazard to Primrose and her supervisors.

93. A clear public policy, manifest in Ohio regulations governing health and safety relating to food preparation, exists against the manner in which delimer was used at Primrose, and regarding the presence of black mold in kitchens, residential living spaces, and other areas where people spend time indoors.

94. Terminating employees in circumstances like those here, where an employee reports serious health hazards and is terminated as a result, would jeopardize that public policy.

95. Barber's dismissal was motivated by Barber's reporting of the serious health hazards she discovered.

96. Primrose had no overriding business justification for Barber's termination other than retaliation for her reporting of serious health hazards.

97. As a direct and proximate result of Primrose's conduct, Barber suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: DISABILITY DISCRIMINATION IN VIOLTION OF R.C. § 4112.02

98. Barber restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

99. Primrose treated Barber differently than other similarly-situated employees based on her disabling condition.

The Employee's Attorney.™



100.    Primrose treated Barber differently than other similarly-situated employees based on her perceived disabling condition.

101.    On or about September 10, 2020, Primrose terminated Barber's employment without just cause.

102.    Primrose terminated Barber based on her disability.

103.    Primrose terminated Barber based on her perceived disability.

104.    Primrose violated R.C. § 4112.02 when it discharged Barber based on her disability.

105.    Primrose violated R.C. § 4112.02 when it discharged Barber based on her perceived disability.

106.    Primrose violated R.C. § 4112.02 by discriminating against Barber based on her disabling condition.

107.    Primrose violated R.C. § 4112.02 by discriminating against Barber based on her perceived disabling condition.

108.    As a direct and proximate result of Primrose's conduct, Barber suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. § 4112.02

109.    Barber restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

110.    Barber requested accommodations from Primrose to assist with her disability, including requesting days off for medical appointments and restrictions on lifting and the time she was on her feet.

111.    Barber's requested accommodations were reasonable.



112. There was an accommodation available that would have been effective and would have not posed an undue hardship to Primrose.

113. Primrose failed to engage in the interactive process of determining whether Barber needed an accommodation.

114. Primrose failed to provide a reasonable accommodation.

115. Primrose violated R.C. § 4112.02 by failing to provide Barber a reasonable accommodation.

116. As a direct and proximate result of Primrose's conduct, Barber suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT V: VIOLATION OF THE OHIO WAGE ACT

117. Barber restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

118. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, et seq.

119. During all times material to this Complaint, Primrose was a covered employer required to comply with the Ohio Wage Act's mandates.

120. During all times material to this Complaint, Barber was a covered employee entitled to individual protection of Ohio Wage Act.

121. Primrose violated the Ohio Wage Act with respect to Barber by, *inter alia*, failing to compensate Barber for all hours worked and failing to pay her overtime.

122. In violating the Ohio Wage Act, Primrose acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.



## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

123.   Barber restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

124.   Primrose intended to cause Barber emotional distress, or knew that its acts or omissions would result in serious emotional distress to Barber.

125.   Primrose's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

126.   As a direct and proximate result of Primrose's acts and omissions as set forth above, Barber has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

127.   As a direct and proximate result of Primrose's conduct and the resulting emotional distress, Barber has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### DEMAND FOR RELIEF

WHEREFORE, Barber demands from Primrose the following:

(a) Issue an order requiring Primrose to restore Barber to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Primrose of compensatory and monetary damages to compensate Barber for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Primrose in an amount in excess of $25,000;



(d) An award of reasonable attorneys' fees and non-taxable costs for Barber's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*Sean Costello  SPR Coo99035)*

Trisha Breedlove (0095852)
Sean Costello (0068612)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax: (216) 291-5744
Email:  trisha.breedlove@spitzlawfirm.com
sean.costello@spitzlawfirm.com

*Attorneys For Plaintiff Amanda Barber*

12



## JURY DEMAND

Plaintiff Amanda Barber demands a trial by jury by the maximum number of jurors permitted.

Sean Costello SBR (0099035)
Sean Costello (0068612)



ORIGINAL

FILED

## FAIRFIELD COUNTY COMMON PLEAS COURT
### 224 EAST MAIN STREET
### LANCASTER, OHIO 43130

2021 MAR -5 PM 1:33

BRANDEN C. MEYER
CLERK OF COURTS
FAIRFIELD CO. OHIO

AMANDA BARBER
Plaintiff

CASE NO. 2021 CV 00071
JUDGE DAVID A TRIMMER

vs.

TSMM MANAGEMENT LLC
TSMM MANAGEMENT LLC

**JURY DEPOSIT**

IN THE MATTER OF A JURY DEPOSIT, AS REQUIRED, FOR A JURY TRIAL.

DATE: 3/5/2021

DEPOSIT: $700

ATTORNEY OF RECORD: SEAN COSTELLO
ADDRESS: THE SPITZ LAW FIRM LLC
25200 CHAGRIN BLVD, STE. 200
BEACHWOOD, OH 44122

**ORIGINAL**

IN THE COURT OF COMMON PLEAS

**FILED**

FAIRFIELD COUNTY, OHIO

2021 MAR -5 PH 1: 37

BRANDEN C. MEYER
CLERK OF COURTS
FAIRFIELD CO. OHIO

**21CV    71**

AMANDA BARBER

_____
Plaintiff

v.          Case Number  _____

**JUDGE TRIMMER**

TSMM MANAGEMENT, LLC
_____
Defendant

**INSTRUCTIONS FOR SERVICE**

**To Clerk:** You are hereby requested to make service upon the following by:

- [ ] Fed Ex
- [✓] Certified Mail
- [ ] Regular Mail
- [ ] Sheriff Service (Personal)
- [ ] Sheriff Service (Personal or Residential)
- [ ] Personal Service process server: _____

Parties to be Served:

| | |
|---|---|
| Name: TSMM MANAGEMENT, LLC | Name: _____ |
| Address: c/o Statutory Agent: Cogency Global Inc. | Address: _____ |
| Address: 3958-D Brown Park Drive | Address: _____ |
| City: Hilliard  State: OH  Zip: 43026 | City: ___ State: ___ Zip: ___ |
| Name: _____ | Name: _____ |
| Address: _____ | Address: _____ |
| Address: _____ | Address: _____ |
| City: ___ State: ___ Zip: ___ | City: ___ State: ___ Zip: ___ |

s/ Sean P. Costello          0068612
_____          _____
Attorney for Plaintiff          Supreme Ct.#



FAIRFIELD COUNTY COURT OF COMMON PLEAS, GENERAL DIVISION
*224 E. Main Street, Lancaster, OH 43130 · (740) 652-7360*

CASE NO.   2021 CV 00071
JUDGE     DAVID A TRIMMER

AMANDA BARBER
PLAINTIFF

VS.

TSMM MANAGEMENT LLC
DEFENDANT

FILED
2021 MAR -5 PM 2: 01
BRANDEN C. MEYER
CLERK OF COURTS
FAIRFIELD CO. OHIO

## CLERK'S CERTIFICATE OF CERTIFIED MAIL

I, undersigned deputy clerk, do hereby certify that a copy of SUMMONS &
COMPLAINT was mailed to TSMM MANAGEMENT, LLC at the address listed on the
instructions, by Certified Mail, on March 5, 2021.

Certified Article Number

9414 7266 9904 2153 7572 94

SENDER'S RECORD

2021 CV 00071
9414 7266 9904 2153 7572 94

TSMM MANAGEMENT LLC
C/O STATUTORY AGENT: COGENCY GL
3958-D BROWN PARK DRIVE
HILLIARD, OH 43026

Branden C. Meyer, Clerk of Courts

*Dawna Jones*

_____
Deputy Clerk



FILED

Court of Common Pleas, Fairfield County, Lancaster, Ohio
## SUMMONS
Rule 4 1970 Ohio Rules of Civil Procedure
**Case No. 2021 CV 00071**
**JUDGE DAVID A TRIMMER**

2021 MAR -5 PM 2:01

BRANDEN C. MEYER
CLERK OF COURTS
FAIRFIELD CO. OHIO

**AMANDA BARBER**

**1121 TARKIN ROAD
LANCASTER OH 43130**

**Plaintiff
vs.**

**TSMM MANAGEMENT LLC**

**C/O STATUTORY AGENT: COGENCY GLOBAL INC.
3958-D BROWN PARK DRIVE
HILLIARD OH 43026**

**Defendant**

To the above named defendant TSMM MANAGEMENT LLC;

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff named herein.

You are required to serve upon the plaintiff attorney, or upon the plaintiff if he has no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three days after service on Plaintiff's attorney is as follows:

**SEAN COSTELLO
THE SPITZ LAW FIRM LLC
25200 CHAGRIN BLVD SUITE 200
BEACHWOOD, OH 44122**

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Branden C. Meyer, Clerk

By ___Dawna Jones___
Deputy

Received this writ on the ____ day of _____ , 20 ____ , at _____ o=clock ___ M., and on the ____ day of _____ 20 ____ , I served the same on the within named by

_____

_____

## RETURN OF SERVICE OF SUMMONS (PERSONAL)

Fees
Service $_____
Mileage _____
Total $_____
Date:_____

I received this summons _____ 20 __ , at ___ o=clock __.M. And made personal service of it upon_____ By locating him-them and tendering a copy of summons and accompanying documents, on_____ 20__.

_____

Sheriff, Bailiff, Process Server
By_____
Deputy

## RETURN OF SERVICE OF SUMMONS (RESIDENCE)

Fees
Service $_____
Mileage _____
Total $_____
Date:_____

I received this summons on_____ 20,__ ,at ___ o=clock __.M. and made residence service of it upon the defendant(s)

_____

By leaving, at his-their usual place of residence with

_____

A person of suitable age and discretion then residing therein, a copy of the summons, a copy of the complaint and and accompanying documents, on_____ .

_____

Sheriff, Bailiff, Process Server
By_____
Deputy

## RETURN OF SERVICE OF SUMMONS (FAILURE TO SERVICE)

I received this summons on_____ 20__, at ___ o=clock __.m. with instructions to make personal-residence upon the defendant (s)_____

_____

And I was unable to serve a copy of the summons upon_____ for the following reason:_____

_____

Sheriff, Bailiff, Process Server
By_____
Deputy

## Return Receipt (Form 3811) Barcode



9590 9266 9904 2153 7572 97

**Article Addressed to:**

TSMM MANAGEMENT LLC

C/O STATUTORY AGENT: COGENCY GL

3958-D BROWN PARK DRIVE

HILLIARD, OH 43026

2021 CV 00071

**Certified Mail (Form 3800) Article Number**

9414 7266 9904 2153 7572 94

**COMPLETE THIS SECTION ON DELIVERY**

**A. Signature**

X MW

☒ Agent
☐ Address

**B. Received by (Printed Name)**

Megan Wise

**C. Date of Delivery**

3/10/21

**D. Is delivery address different from item 1?** ☐ Yes

If YES, enter delivery address below: ☒ No

T 3.5.21

**3. Service Type:**

☒ Certified Mail

☒ Certified Mail Restricted Delivery

**Reference Information**

9414 7266 9904 2153 7572 94

FAIRFIELD COUNTY COMMON PLEAS

PS Form 3811, Facsimile, July 2015

Domestic Return Rece

**USPS TRACKING #**

COLUMBUS OH 430
10 MAR 2021 PM 1 L

9590 9266 9904 2153 7572 97

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service®**

• Sender: Please print your name, address and ZIP+4® below •

BRANDEN C MEYER CLERK OF COURTS
FAIRFIELD COUNTY COMMON PLEAS COURT
PO BOX 370
LANCASTER OH 43130-0370

FILED 2021 MAR 11 AM 11:36